IN THE UNITED STATES DISTRICT COURT
FOR THEE ASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER GORDON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 14-3056 |
| LA SALLE UNIVERSITY | : | |

**<u>MEMORANDUM</u>**

Leeson, Jr., J.                                                                                              March 13, 2015

      Plaintiff Amber Gordon brings this action under Section 504 of the Rehabilitation Act, and includes a claim for breach of contract. Jurisdiction is federal question. According to the First Amended Complaint, plaintiff, then a student in defendant La Salle University's Marriage and Family Therapy Master's Program, was dismissed when she could not complete the clinical portion of the program. Plaintiff attributes her dismissal to discrimination, and alleges that La Salle failed to provide reasonable accommodation for her disability when requested, in violation of the requirements of Section 504, and in breach of its contract with plaintiff. Defendant has moved for summary judgment.[1] The motion will be denied.

---

[1] Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The mere existence" of some disputed facts is not sufficient to overcome summary judgment. *American Eagle Outfitters v. Lyle & Scott Ltd.*, 584 F.3d 575, 581 (3d Cir. 2009) (citations omitted). Rather, the dispute must be genuine and the facts in question material. A dispute is genuine when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is material when proof of its existence or non-existence may affect the outcome of the litigation. Id. The court will view all facts in the light most favorable to the non-moving party. *Pignataro v. Port Auth. of N.Y. and N.J*, 593 F.3d 265, 268 (3d Cir. 2010). The non-moving party, however, will be required to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250.

We write for the parties, who have stipulated to, *inter alia*, the following facts. Plaintiff and her physicians represent that at all times, plaintiff has suffered from various disabilities that have a severe impact on various aspects of her life. Stipulated Facts, ¶¶ 2-4. Notwithstanding these challenges, in the fall of 2009, plaintiff enrolled in defendant's Marriage and Family Therapy Master's Program. *Id.*, ¶ 6. Students must satisfy both components of the program – Academic and Clinical – to obtain a degree. *Id.*, ¶ 11. The program's Student Handbook provides that if a student is terminated from an internship site, it is grounds for dismissal from the program. *Id.*, ¶ 12. Defendant's affiliation agreements with Lenape Valley Foundation and Rise Above – two of plaintiff's internship sites – provide that neither defendant nor the internship sites will discriminate against interns because of, *inter alia*, disability. *Id.*, ¶ 13. Plaintiff commenced three internships during her time at defendant, none of which she completed. In late October 2011, she left Crozer-Chester Hospital in anticipation of gallbladder surgery. *Id.*, ¶ 16. In March 2013, she was dismissed from Lenape Valley Foundation. *Id.*, ¶ 25. Following that dismissal, plaintiff requested accommodation for her disability from defendant. *Id.*, ¶ 26 In July 2013, plaintiff began an internship at Rise Above. *Id.*, ¶ 29 Also in July 2013, plaintiff applied for Social Security disability benefits. *Id.*, ¶ 32 On January 10, 2014, plaintiff was dismissed from Rise Above. *Id.*, ¶ 34.

The record also reflects that defendant's Student Progress Evaluation Committee recommended that plaintiff be placed on academic probation following her dismissal from Lenape Valley, and recommended that she be

dismissed from defendant's program following her dismissal from Rise Above. There is an issue of fact as to whether the SPEC was provided with information about plaintiff's disability, her request for accommodation, or any accommodation provided before recommending her dismissal from defendant's program. R. 673, 743, 748.[2]

According to defendant, it is entitled to summary judgment on plaintiff's claim under Section 504 of the Rehabilitation Act[3] because plaintiff was not "otherwise qualified" for her position at the time she was dismissed, and, therefore, cannot make out a *prima facie* claim.[4] Defendant relies in part on e-mails from plaintiff that seemingly admit she could not complete the program with or without accommodation. R. 145, 146. Plaintiff denies this was the import of the e-mails, and insists she could have satisfied the internship requirements had she been provided reasonable accommodation: plaintiff's supervisors at two of her internships praised her rapport, analysis, insight and group leadership skills. R. 611, 616, 620, 623, 656-57. The performance issues leading to her dismissal (e.g., poor attendance, falling asleep) were directly

---

[2] References are to the summary judgment record, which was submitted under seal pursuant to the "Protective Order Concerning Confidential Information," doc. no. 16.

[3] In order to establish a violation under Section 504, plaintiff must show she is (1) a disabled person under the Act; (2) otherwise qualified for participation in the program; (3) is being excluded from participation in, being denied the benefit of, or being subjected to discrimination under the program solely by reason of her disability; and (4) the relevant program or activity is receiving federal financial assistance. *Doherty v. Southern College of Optometry*, 862 F.2d 570, 573 (6th Cir. 1988), cert. denied, 493 U.S. 810 (1989). Here, the first and fourth elements are not in dispute.

[4] *See Gaul v. Lucent Tech.*, 134 F.3d 576, 580 (3d Cir. 1998) (otherwise qualified individual must "possess[ ] the appropriate educational background, employment experience, skills, licenses, etc." and be able to "perform the essential functions of the position held or desired, with or without reasonable accommodation."). *See also* 42 U.S.C. § 12111(8). Here, defendant concedes plaintiff satisfied the academic requirements of the program. It is undisputed, however, that she repeatedly failed to complete the clinical portion of the program.

caused by her disabilities. R. 430. These disabilities were not accommodated because defendant did not reasonably participate in the interactive process required under Section 504. As evidence, plaintiff points to defendant's refusal to approve Aldersgate as an internship site after plaintiff advised the school in writing in 2012 that she had a "physical disability" that made it impossible for her to drive farther than to, for example, Aldersgate. Additionally, she cites the lack of any interaction with plaintiff as to her need for accommodation for the identified "physical disability" following plaintiff's commencement of her internship at Lenape Valley. Additionally, plaintiff points to defendant's limited communication with plaintiff (e-mail only) following her more formal request for accommodation in 2013, the school's cursory investigation at that time into the limitations imposed by her disability, and its failure to communicate to her new internship site – Rise Above – several agreed-to accommodations.[5] This is sufficient to withstand summary judgment.[6]

Defendant also argues that plaintiff is judicially estopped[7] from claiming that she was otherwise qualified for her position. On July 25, 2013, while an

---

[5] "To show that an employer failed to participate in the interactive process, a disabled employee must demonstrate: 1) the employer knew about the employee's disability; 2) the employee requested accommodations or assistance for his or her disability; 3) the employer did not make a good faith effort to assist the employee in seeking accommodations; and 4) the employee could have been reasonably accommodated but for the employer's lack of good faith." *Taylor v. Phoenixville Sch. Dist.*, 184 F.3d 296, 319-20 (3d Cir. 1999).

[6] When an employee has evidence that the employer did not act in good faith in the interactive process . . . we will not readily decide on summary judgment that the accommodation was not possible and the employer's bad faith could have no effect. . . . Thus, where there is a genuine dispute about whether the employer acted in good faith, summary judgment will typically be denied." *Taylor*, 184 F.3d at 318.

[7] Judicial estoppel is a judge-made doctrine that "seeks to prevent a litigant from asserting a position inconsistent with one that she has previously asserted in the same or in a previous proceeding." *Ryan Operations GP v. Santiago-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1995). The doctrine of judicial estoppel has been applied in this Circuit to bar discrimination

intern at Rise Above, plaintiff filed an application for Social Security disability benefits, attesting that because of her disabilities, she was unable to do basic work activities and had been so limited for a year prior to her application. R. 700-01. The initial request was denied, and plaintiff appealed. R. 685-90; 691. According to defendant, these statements are at odds with plaintiff's current claim that she was at all times able to perform the duties of her internship. Plaintiff counters that her statements to the Social Security Administration were anticipatory, R. 56,[8] and also points to the differences in the statutory schemes to account for her seemingly inconsistent positions.[9] Defendant's motion in this respect will be denied, and plaintiff will be permitted to explain the discrepancies in her statements at trial.[10]

---

claims where a plaintiff has previously applied for disability benefits. *See McFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266 (3d Cir. 2012); *Detz v. Greiner Industries*, 356 F.3d 109 (3d Cir. 2003); *Motley v. New Jersey State Police*, 196 F.3d 160 (3d Cir. 1999).

[8] We note, however, that plaintiff "may not, simply by disavowing a prior claim of total disability, perform an about-face and assert that he is a 'qualified individual' who is capable of working. Rather, . . . the plaintiff must proceed from the premise that his previous assertion of an inability to work was true, or that he in good faith believed it to be true, and he must demonstrate that the assertion was nonetheless consistent with his ability to perform the essential functions of his job." *Detz*, 346 F.3d at 118.

[9] *See Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795 (1999). In *Cleveland*, the Court vacated the Court of Appeals' affirmance of an award of summary judgment to a defendant in an ADA case, where the plaintiff had previously applied for Social Security benefits, finding that plaintiff was entitled to explain the apparent discrepancy at trial. The Court noted particularly that "[a]n SSA representation of total disability differs from a purely factual statement in that it often implies a context-related conclusion, namely, 'I am disabled for purposes of the Social Security Act.'" *Id.* at 802.

[10] Defendant urges entry of summary judgment in its favor on plaintiff's Section 504 claim on other grounds also: plaintiff never requested reasonable accommodation before March 2013; La Salle provided reasonable accommodations beginning in March 2013; the internships, not La Salle, were responsible for providing reasonable accommodations while plaintiff was under contract and on site; and the internships did not exclude plaintiff from participation solely by reason of her disability. These argument rise or fall on the facts of the case, and upon careful review of the summary judgment record, plaintiff has provided sufficient evidence to raise a genuine dispute as to the material facts underpinning these arguments. Accordingly, summary judgment must be denied and plaintiff's Section 504 claim must go to a jury.

Defendant also moves for summary judgment on plaintiff's breach of contract claim. Plaintiff has adequately alleged the existence of a contract between the parties.[11] Moreover, as described above, she has produced facts sufficient to raise a genuine dispute as to whether defendant's efforts following plaintiff's request for accommodation constituted a breach of the terms of the contract, whose terms are found in the Student Handbook, Discrimination Policy, and/or University Grievance Procedure. Accordingly, defendant's motion will be denied.

An order accompanies this memorandum.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
Joseph F. Leeson, Jr., J

---

[11] *Kingsberg v. University of Scranton*, 2007 WL 405971, *3 (M.D. Pa., Feb. 2, 2007), quoting *Swartley v. Hoffner*, 734 A.2d 915, 919 (Pa. Super. 1999) ("'relationship between a private educational institution and an enrolled student is contractual in nature; therefore, a student can bring a cause of action against said institution for breach of contract where the institution ignores or violates portions of the written contract . . . . The contract between a private institution and a student is comprised of written guidelines, policies, and procedures as contained in the written materials distributed to the student over the course of their enrollment in the institution.'"). *See also* First Amended Complaint, ¶¶ 130-136.