**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| AMBER GORDON,<br><br>               Plaintiff,<br><br>       v.<br><br>LA SALLE UNIVERSITY<br><br>               Defendant. | Civil Action No: 14-cv-3056-JFL |

## DEFENDANT LA SALLE UNIVERSITY'S STATEMENT OF OBJECTIONS

Subject to and without waiving or conceding reserved defenses, Defendant La Salle University ("La Salle") respectfully submits its Required Statement of Objections in Pretrial Memorandum to Exhibits, Expert Witness Qualifications, Admissibility of Evidence, or Admissibility of Opinion Testimony pursuant to this Court's April 9, 2015 Order.

**I.**     **OBJECTIONS TO PLAINTIFF'S PROPOSED EXHIBITS**

On April 10, 2015, the parties submitted to this Court Proposed Joint Trial Exhibits. La Salle hereby objects, on the grounds stated, to the following exhibits proposed by Plaintiff:

    1.     Proposed Trial Exhibit # 62

La Salle objects to Proposed Exhibit #62 described by Plaintiff as "OCR webpage re: accommodations." First, this document was not produced in discovery. Second, although dated "September 2011" it is unclear whether the proposed exhibit would have applied throughout Plaintiff's tenure at La Salle. Finally, a large portion of the document is authority of law and will serve as a de facto jury instruction. Any probative value this document may have is substantially

outweighed by the danger it will confuse and mislead the jury, which are grounds to exclude under Federal Rule of Evidence 403.

    2.    <u>Proposed Trial Exhibit # 63</u>

La Salle objects to Proposed Trial Exhibit #63 (COAMFTE Accreditation Standards). This document was not produced in discovery and the context is unclear.  Since the document was not produced during the course of discovery, it is unclear how Plaintiff intends to authenticate the document as required by Federal Rule of Evidence 901.

    3.    <u>Proposed Trial Exhibit # 64</u>

La Salle objects to Proposed Trial Exhibit #64 (COAMFTE Accreditation Manual: Policies and Procedures).  This document was not produced in discovery and the context is unclear.  Since the document was not produced during the course of discovery, it is unclear how Plaintiff intends to authenticate the document as required by Federal Rule of Evidence 901.  La Salle reserves the right to object based on relevancy, especially to a document that was published five months after Plaintiff was dismissed from the MFT Program.

    4.    <u>Proposed Trial Exhibit #65</u>

La Salle objects to Proposed Trial Exhibit #65.  This is nothing more than legal authority substituting for jury instructions.  It appears to be an Equal Employment Opportunity Commission regulation relating to employment, not educational opportunity.  Relevancy issues aside, it is unclear how Plaintiff intends to authenticate this document as required by Federal Rule of Evidence 901.  More so, any probative value this document may have is substantially outweighed by the danger it will confuse and mislead the jury, which are grounds to exclude under Federal Rule of Evidence 403.  Finally, this document was not produced during the course of discovery.

5.      Per this Court's April 9, 2015 Order, the parties are instructed to object to proposed exhibits on grounds other than relevancy.  La Salle therefore reserves the right to object at trial to any exhibit, when necessary, on this basis.  La Salle further reserves the right to object to any exhibit Plaintiff has not included in the Proposed Joint Trial Exhibits.

## II.   OBJECTION TO EXPERT WITNESS QUALIFICATIONS

1.      La Salle does not object to the expert qualifications of Dr. Kathleen A. Spreen or John W. Dieckman.  La Salle maintains its positions as set forth in its Motion in Limine to Exclude Certain Opinions of Kathleen A. Spreen attached hereto as Exhibit A.   In both Plaintiff's response thereto and her pretrial memorandum, she concedes the relief sought by La Salle.  La Salle also maintains its positions as set forth in its Motion in Limine to Exclude the Report of John W. Dieckman attached hereto as Exhibit B.

## III.   OBJECTION TO THE ADMISSIBILITY OF EVIDENCE

1.      La Salle maintains its objection to the admissibility of evidence relating to Plaintiff's alleged emotional distress damages unless or until Plaintiff has made the appropriate showing of willfulness as required by Section 504 of the Rehabilitation Act.  La Salle's Motion in Limine to Exclude Evidence of Emotional Distress Damages is attached hereto as Exhibit C.

2.      La Salle objects to the introduction of testimony of both Dr. Spreen and Dr. Wittels.  To avoid wasting time and needlessly cumulative evidence, as prohibited by FRE 403, Dr. Wittels testimony should be limited only to her specific treatment of the Plaintiff.   The proposed testimony of Dr. Spreen should sufficiently cover any general information about Lyme disease that Plaintiff believes she needs to prove her case.

3.      Per this Court's April 9, 2015 Order, the parties are instructed to object to the admissibility of evidence on grounds other than relevancy.  La Salle therefore reserves the right to object to evidence presented at trial, when necessary, on the basis of relevancy.  This includes, but is not limited to, objecting to Plaintiff's perplexing claim for living expenses set forth in her pretrial memorandum.  A more robust objection to this eleventh hour claim to living expenses will be made at the appropriate time.  Finally, La Salle further reserves the right to object to the admissibility of evidence not provided for in Plaintiff's pretrial memorandum.

## IV.   OBJECTION TO ADMISSIBILITY OF OPINION TESTIMONY

### 1.      Opinion Testimony of Dr. Heidi Wittels

Plaintiff's pretrial memorandum provides that Dr. Wittels will testify "about her own experience of being a practicing physician with Lyme disease."  This is improper opinion testimony and should therefore be excluded.

Glaring relevancy issues aside, "[i]f a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."  FRE 701.

Dr. Wittels is not Plaintiff's expert witness; that role has been reserved for Dr. Spreen. Dr. Wittels is Plaintiff's treating physician and therefore her testimony should be limited to her treatment of Plaintiff, i.e., testimony based on her perception and helpful to understanding a fact in issue.  The witness's experience as a physician with Lyme disease does not only fail to satisfy 701(b), but also runs afoul of 701(c).  The relevant issue is Plaintiff's ability to perform the essential functions of an MFT intern and complete the MFT Program, with or without

accommodations.  Indeed, Dr. Wittels testified at her deposition that everyone experiences Lyme disease differently; not only with regard to varying symptoms, but with regard to the severity of those symptoms, reactions to treatment, and recovery.[1]  Moreover, given Dr. Wittels' field these opinions would necessarily be based on scientific and specialized knowledge.

Even if her opinions would not violate FRE 701, the scientific and specialized nature of the rest of her testimony will nonetheless confuse and mislead the jury.  Under FRE 403, the Court may exclude evidence if "its probative value is substantially outweighed by the danger of … confusing the issues [and/or] misleading the jury." FRE 403.  Any probative value that such testimony would have is substantially outweighed by the danger that a de facto expert witness who testifies about her personal struggles with Lyme disease and, presumably, her success story, will confuse the issues and mislead the jury.

Furthermore, Dr. Wittels testified during her deposition that she has no personal knowledge of Plaintiff's circumstances while at La Salle.  Therefore, any testimony of Dr. Wittels' personal experience with Lyme disease is merely a false equivalency, serving to substitute for evidence presented by Plaintiff, and others with personal knowledge, that Plaintiff could, in fact, perform the essential duties of an MFT intern and complete the MFT Program. Accordingly, not only should the Court preclude Dr. Wittels from testifying about her own experience with Lyme disease, but because she lacks the necessary personal knowledge, the Court should also preclude testimony relating to Plaintiff's performance and capabilities within the context of the MFT Program.

---

[1] See also Plaintiff's pretrial memorandum outlining the proposed expert testimony of Dr. Spreen on "how its expression varies from person to person and within persons over time, the symptoms and effects of chronic Lyme disease… and how Lyme disease resists and responds to various treatments."  This belies Plaintiff's attempt to introduce Dr. Wittels personal experience with Lyme disease as evidence of how Plaintiff has experienced Lyme disease.

V.     RESERVATION OF ADDITIONAL OBJECTIONS

1.     Plaintiff represents that she will be designating the entire deposition transcript of Dr. Rebecca Nice, her primary care physician.  It is unclear why Dr. Nice is unable to appear at trial to testify, as she is within the subpoena power of the Court.  If Plaintiff does designate the entire deposition transcript of Dr. Nice, La Salle objects on the grounds that most, if not all, will be cumulative testimony, a waste of time, and therefore properly excluded under FRE 403.  In the event the Court allows the deposition transcript to be designated, it is La Salle's position that it must be every page and every line, thereby making any counter-designations unnecessary. This is especially important since La Salle has not been afforded the opportunity to offer counter-designations if Plaintiff submits only partial designations to the Court.

2.     La Salle reserves all rights to object to Plaintiff's proposed jury instructions.  La Salle further reserves the right to supplement the jury the instructions throughout the course of trial.

3.     La Salle reserves all rights for continued objections where new issues may arise.

Dated: April 15, 2015

/s/ Daniel P. O'Meara
Daniel P. O'Meara (PA ID 53535)
Chad A. Flores (PA ID 310610)
Montgomery McCracken Walker & Rhoads LLP
123 South Broad Street, 28th Floor
Philadelphia, PA 19109
Telephone: (215) 772-1500
Fax: (215) 772-7620
domeara@mmwr.com
jboughrum@mmwr.com
cflores@mmwr.com
*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I, Daniel P. O'Meara, hereby certify that on the 15th day of April, 2015, I caused to be

served a copy the forgoing via ECF, on the following counsel of record:


David Frankel, Esquire
Michael D. Raffaele, Esquire
Frankel & Kershenbaum, LLC
1230 County Line Road
Bryn Mawr, PA 19010
Attorney for Plaintiff

Dated:  April 15, 2015                              /s/ Daniel P. O'Meara
                                                    Daniel P. O'Meara (#53535)