### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMBER GORDON** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **LASALLE UNIVERSITY** | : | **NO. 14-cv-3056** |

### CLERK'S TAXATION OF COSTS

Plaintiff brought this civil action against defendant on May 30, 2014.

Judgment was entered in favor of defendant and against plaintiff on April 27, 2015.

Defendant filed its bill of costs on May 15, 2015.

On May 28, 2015, the Clerk directed a letter to David Frankel, Esquire and Michael D. Raffaele, Esquire, counsel for plaintiff, requesting that they file objections to the bill of costs, if they had any, within fourteen days. The Clerk notes that Local Rule of Civil Procedure 5.1(b) requires all counsel to provide the Clerk with an address for purposes of notice and service; accordingly, the aforesaid letter requesting objections was mailed to counsel for plaintiff, at their provided address, which constitutes proper and valid service upon them (pursuant to Federal Rule of Civil Procedure 5(b)(2)(C)).

Plaintiff filed objections to the bill of costs on June 11, 2015.

On June 15, 2015, the Clerk directed a letter to Chad Flores, Esquire, Daniel O'Meara, Esquire and Jonathan P. Boughrum, Esquire, counsel for defendant, providing  that if defendant wished to file a response to these objections, that they would have an additional fourteen days to file it.  The Clerk notes that Local Rule of Civil Procedure 5.1(b) requires all counsel to provide the Clerk with an address for purposes of notice and service; accordingly, the aforesaid letter requesting a response to the objections was mailed to counsel for defendant, at their provided address,  which constitutes proper and valid service upon them (pursuant to Federal

Rule of Civil Procedure 5(b)(2)(C)).

Defendant responded to these objections on June 26, 2015.

In its bill of costs, defendant seeks costs incurred before this district court in the amount of $11,012.64 and no appellate costs.[1]

It is well-established that district court costs may not be imposed in federal district courts except where they are authorized by either a statute or a rule of court.[2]  For the purposes of this taxation opinion,[3] federal district court costs are governed by Federal Rule of Civil Procedure 54(d).[4]  The text of Federal Rule of Civil Procedure 54(d) is divided into two sections:

* Federal Rule of Civil Procedure 54(d)(2), which by its own terms governs ***"Attorney's Fees(;)"***

    and

* Federal Rule of Civil Procedure 54(d)(1), which by its own terms governs ***"(District Court) Costs Other Than Attorney's Fees."***

All of those "(District Court) Costs Other Than Attorney's Fees" made taxable by Federal Rule of Civil Procedure 54(d)(1) are listed in 28 U.S.C. §1920,[5] and the Clerk[6] has authority to tax those types of district court costs which are listed in 28 U.S.C. §1920 in favor of the prevailing party or parties, and against the non-prevailing party or parties.[7]  (Federal Rule of Civil Procedure 54(d)(1) costs may be assessed by the Clerk even when attorney fees pursuant to Federal Rule of Civil Procedure 54(d)(2) are disallowed by the presiding judge[8]).

Those items of district court costs taxable in the first instance by the Clerk, as listed in 28 U.S.C. §1920, are:

"(1) Fees of the clerk or marshal;

"(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

"(3) Fees and disbursements for printing and witnesses;

"(4) Fees for exemplification and the cost of making copies of any materials where the

2

copies are necessarily obtained for use in the case;

"(5) Docket fees under (28 U.S.C. §1923); (and)

"(6) Compensation of court appointed experts, compensation of interpreters, and
salaries, fees, expenses, and costs of special interpretation services under (28
U.S.C. §1828)."

Accordingly, for the purposes of this taxation opinion, the Clerk may only tax those

district court costs which are listed in 28 U.S.C. §1920.[9]  Normally, the Clerk will tailor his

taxation of costs opinion around the items requested and the actual objections raised by the

losing party or parties, and will not raise issues *sua sponte*; however, as stated previously, since

the Clerk's power is strictly limited by 28 U.S.C. §1920, a necessary corollary is that if a

requested item is never authorized by 28 U.S.C. §1920 under any circumstances, the Clerk may

not tax that item as a 28 U.S.C. §1920 cost, even where the losing party or parties have not

raised any objections to the item or items in question.[10]

Congress has provided for the assessment of attorney fees by means of Federal Rule of

Civil Procedure 54(d)(2); as they are not specifically listed in 28 U.S.C. §1920, attorney fees are

clearly not taxable pursuant to Federal Rule of Civil Procedure 54(d)(1).[11]  Pursuant to the

language of Federal Rule of Civil Procedure 54(d) itself, attorney fees are only recoverable from

the presiding judge pursuant to Federal Rule of Civil Procedure 54(d)(2), and not from the Clerk

pursuant to Federal Rule of Civil Procedure 54(d)(1).  An award or disallowance of attorney fees

pursuant to Federal Rule of Civil Procedure 54(d)(2) is totally separate and distinct from an

award of statutory costs pursuant to Federal Rule of Civil Procedure 54(d)(1).[12]  The rationale

supporting this standard is that unlike attorney fees, an assessment of 28 U.S.C. §1920 costs is

considered to be purely ministerial, and is not considered to be punitive toward the non-

prevailing party, but merely as reimbursement to the prevailing party for their costs in bringing a

successful civil action [13] (whereas an assessment of attorney fees *is* considered to be punitive

3

[14]).

In addition, those litigation costs which are more closely associated with the routine overhead of running a law firm than with the types of district court costs listed in 28 U.S.C. §1920 are not taxable by pursuant to Federal Rule of Civil Procedure 54(d)(1), as they are seen as analogous to attorney fees.[15]

By this standard, costs which are not, even arguably, among those types of district court costs listed in 28 U.S.C. §1920, include the costs of attorney work product, such as pleadings, motions, memoranda and briefs, as well as case-related correspondence.[16] Defendant requests $1,087.84 for costs of "printing", which in its response to plaintiff's objections, defendant states that a portion of those costs was for a summary judgment motion.

Although costs related to the production of exact copies [17] of original documentary evidence[18] such as records[19] as taxable under 28 U.S.C. §1920, we repeat once again that costs of attorney work product are not taxable under that statute.[20]

There is no requirement for the prevailing party to supply receipts[21] (even in a situation where receipts or a more detailed itemization would be useful to the court and/or opposing counsel),[22] rather, caselaw holds that the standard is that costs must be sufficiently explained to the extent that opposing counsel can make informed objections and the Clerk or Court can make an informed determination of whether requested costs are allowable.[23]

Accordingly, the prevailing party must be able to explain what types of documents were printed when requesting the taxing of these types of costs.[24]

Based on what has been presented to this Clerk, it is utterly impossible to determine which of these categories the printing represents, and what costs are for attorney work product and what costs are not for attorney work product.

We accordingly disallow defendant's request for costs of printing in the amount of

4

$1,087.84.

Since the remaining items of district court costs sought by defendant are all, at least arguably, of those types of costs listed in 28 U.S.C. §1920, they are ***not*** considered to be attorney's fees,[25] and they are ***also***, at least arguably, taxable by the Clerk of this Court.[26]

We note that Federal Rule of Civil Procedure 54(d)(1) directs that "(district court) costs - other than attorney fees" (i.e. those costs authorized by 28 U.S.C. §1920[27]) "***should*** be allowed to the prevailing party (emphasis added)." This language is evidence of "specific intent"[28] on the part of Congress that there should be a heavy presumption[29] that "the 'prevailing party' ***automatically*** is entitled to costs"[30] as a matter of course, once it has been shown that the costs sought are, at least arguably, of those types of costs listed in 28 U.S.C. §1920.[31] The rationale supporting this heavy presumption is that unlike attorney fees, an assessment of 28 U.S.C. §1920 costs is considered to be purely ministerial, and is not considered to be punitive toward the non-prevailing party or parties, but merely as reimbursement to the prevailing party or parties for their costs in bringing or pursuing a successful civil action[32] (whereas an assessment of attorney fees ***is*** considered to be punitive[33]). A consequence of this heavy presumption is that the non-prevailing party or parties bear the burden of proof, and must overcome the aforesaid heavy presumption in favor of the taxing of district court costs against that non-prevailing party or parties.[34] Because of this heavy presumption, it is considered punitive towards the prevailing party or parties to deny to that prevailing party or parties district court costs which are ordinarily automatically taxed under 28 U.S.C. §1920,[35] and it is not necessary for the prevailing party or parties to argue that the non-prevailing party or parties did something that was wrong or inappropriate.[36]

As a further result of the aforesaid heavy presumption, in the event taxable district court costs are denied to the prevailing party or parties, the Clerk must specifically state what defect,

5

bad act or impropriety on the part of that prevailing party or parties leads the Clerk to deny to that prevailing party or parties otherwise allowable costs.[37]  Because of this heavy presumption, there is a recurring theme in caselaw concerning taxation of costs that the prevailing party or parties may recover those types of district court costs listed in 28 U.S.C. §1920 that were reasonably necessary for its effective preparation, judged in light of the situation existing at the time the costs were incurred, regardless of whether the items for which district court costs are sought were actually used.[38] This is especially true in cases such as the instant matter where the bill of costs is accompanied by an affidavit from counsel for the prevailing party or parties, filed pursuant to 28 U.S.C. §1924, stating, under penalty of perjury, that the costs are correct and were both actually and necessarily incurred. The existence of such an affidavit in a Clerk's Taxation of Costs proceeding is given very great weight regarding the Clerk's determination as to whether requested costs are allowable.[39]

*As the United States Court of Appeals for the Third Circuit appropriately noted in 2010, it is for precisely these reasons that counsel should always advise each plaintiff, before commencing the litigation process, that in the event that their litigation is unsuccessful, that there is a risk of taxation of district court costs against that client pursuant to 28 U.S.C. §1920.[40]*

Since the remaining district court costs sought by defendant are all, at least arguably, of those types of district court costs listed in the taxation statute, 28 U.S.C. §1920, we are of the view that plaintiff bears the burden of proof in this matter.

Turning now to the substance of the bill of costs, we will first address defendant's request for fees of the Marshal in the amount of $334.00.  We note that plaintiff has not objected to the taxing of these costs against her.

We note that the relevant statute, 28 U.S.C. §1920(1) directs the taxing of fees of the

Marshal, which includes the  costs of service of process, including subpoena service.[41]  Federal courts interpret this provision of 28 U.S.C. §1920(1) as permitting the taxing of costs for both governmental process servers and private process servers.[42] Federal courts also interpret this provision of 28 U.S.C. §1920(1) as permitting the taxing of costs for a process server's mileage in connection with that service.[43]  It is irrelevant to the taxing of costs whether the non-prevailing party offered to waive service, or whether the prevailing party did or did not request a waiver of service pursuant to Federal Rule of Civil Procedure 4.[44]

As stated previously, there is a heavy presumption[45] in favor of **_"automatically"_**[46] taxing those types of costs listed in 28 U.S.C. §1920[47] which the prevailing party both **_actually incurred_** (as evidenced by a sworn affidavit)[48] and **_necessarily incurred_**  ("necessarily" meaning that the costs were reasonably incurred for the prevailing party's  effective preparation, judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs relate to items which were actually used).[49]

Considering this definition of the word "necessarily," we are of the view that it was "necessary" for defendant to incur these costs.

We are accordingly of the view that plaintiff has not rebutted the aforesaid heavy presumption that these district court costs should be automatically taxed against her (and we must note once more that plaintiff has declined the opportunity to object to the taxing of these costs against her).

These costs are accordingly taxed in favor of defendant and against plaintiff in the full requested amount of $334.00.

We will next address defendant's request for costs of transcripts in the amount of $7,786.18.

We note that the relevant statute, 28 U.S.C. §1920(2), directs the taxing of costs for

7

"transcripts necessarily obtained for use in the case." This provision governing "transcripts" applies to deposition transcripts.[50] Modern caselaw states that both stenographic depositions and videotaped depositions are considered "transcripts" for purposes of 28 U.S.C. §1920(2).[51] By this standard, a prevailing party may also recover costs associated with the playback of videotaped depositions.[52]

The Clerk also notes that deposition costs are taxable for the depositions of both fact witnesses and expert witnesses.[53]

This provision governing "transcripts" also applies to trial transcripts,[54] transcripts of hearings and other pre-trial proceedings,[55] and transcripts of extra-judicial, non-judicial, or other out-of-court proceedings or conferences, and allows for their taxation.

As stated previously, there is a heavy presumption[56] in favor of ***"automatically"***[57] taxing those types of costs listed in 28 U.S.C. §1920[58] which the prevailing party both ***actually incurred*** (as evidenced by a sworn affidavit)[59] and ***necessarily incurred*** ("necessarily" meaning that the costs were reasonably incurred for the prevailing party's effective preparation, judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs relate to items which were actually used).[60]

Examples of situations where transcripts are seen as necessary for a party's effective preparation, even where they were not used, ***include, but are not limited to***, situations involving deponents who ultimately do not testify at a trial;[61] situations involving deponents who ultimately are not permitted by the court to testify at a trial;[62] and situations where transcripts were necessary to support, or to oppose, pre-trial motions[63] and/or post-trial motions[64] (including motions seeking the entry of summary judgment,[65] and/or motions seeking the entry of a default judgment[66] and/or motions seeking the entry of a judgment NOV[67]).

Considering the aforesaid definition of the word "necessarily," we are of the view that it

8

was "necessary" for defendant to obtain these transcripts (judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs relate to items which were actually used).[68]

We are of the view that plaintiff has not rebutted the aforesaid heavy presumption that these district court costs should be automatically taxed against her.

These costs are accordingly taxed in favor of defendant and against plaintiff in the full requested amount of $7,786.18.

We will next address defendant's request for witness fees in the total amount of $754.72.

We note that the relevant statute, 28 U.S.C. §1920(3) directs the taxing of witness fees. Witness fees are capped by the witness fee statute, 28 U.S.C. §1821.[69]  The United States Supreme Court has held that the witness fee statute (28 U.S.C. §1821 or its direct predecessor statute) is incorporated by reference into 28 U.S.C. §1920(3) (or its direct predecessor statute).[70]

28 U.S.C. §1821(b) limits witness attendance fees to $40.00 per witness per day. Witness attendance fees actually incurred by the prevailing party or parties are taxable for every day a witness is either present in court, or present at a deposition hearing,[71] with a reasonable "good faith" expectation on the part of the prevailing party's counsel that the witness may have to testify, even where the witness does not actually testify.[72]

28 U.S.C. §1821(c) sets limits, based on reasonableness, on witness travel and mileage costs.

Travel costs are taxable pursuant to 28 U.S.C. §1920(3) where the need to travel was reasonable, judged in light of the situation existing at the time the travel costs were incurred.[73] (Although travel costs for a witness are, at least arguably, taxable pursuant to 28 U.S.C. §1920, we hasten to point out that travel costs for an attorney are not taxable pursuant to 28 U.S.C.

§1920[74]).

As stated previously, there is a heavy presumption[75] in favor of ***"automatically"***[76] taxing those types of costs listed in 28 U.S.C. §1920[77] which the prevailing party both ***actually incurred*** (as evidenced by a sworn affidavit)[78] and ***necessarily incurred*** ("necessarily" meaning that the costs were reasonably incurred for the prevailing party's effective preparation, judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs relate to items which were actually used).[79]

Considering this definition of the word "necessarily," we are of the view that it was "necessary" for defendant to incur these costs.

We are of the view that plaintiff has not rebutted the aforesaid heavy presumption that these district court costs should be automatically taxed against her.        These costs are accordingly taxed in favor of defendant and against plaintiff in the statutory maximum amount of $154.72 ($40 per day per witness x 3 witnesses plus $34.72 for witness travel fees).

We will next address defendant's request for the costs of exemplification pursuant to 28 U.S.C. §1920(4) in the amount of $1,084.62 for a demonstrative exhibit.

We note that the relevant statute, 28 U.S.C. §1920(4), directs the taxing of "fees for exemplification and the cost of making copies of any materials where the copies are necessarily obtained for use in the case(.)" The United States Court of Appeals for the Third Circuit spoke on 28 U.S.C. §1920(4) in Race Tires America, Inc. v. Hoosier Racing Tire Corp., 2012 WL 887593 (3d Cir. March 16, 2012). The Race Tires America court held that the word "copies" means an exact copy, or an exact duplicate, of an original piece of evidence. The Race Tires America court also found that because, in drafting 28 U.S.C. §1920(4), Congress had specifically used two different words in the same statute ("copies" and "exemplification"), that the word "copies" and the word "exemplification" presumptively do not have the same meaning

(although the <u>Race Tires America</u> court pointedly declined to offer a definition of the word "exemplification").

The concept of "exemplification" incorporates the concept "demonstrative evidence." Based on precedent, this Clerk finds that examples of such taxable costs relating to demonstrative evidence include the costs of photos,[80] models,[81] maps,[82] blow-ups,[83] charts,[84] diagrams,[85] computer graphics[86] and the like.

As stated previously, there is a heavy presumption[87] in favor of ***"automatically"***[88] taxing those types of costs listed in 28 U.S.C. §1920[89] which the prevailing party both ***actually incurred*** (as evidenced by a sworn affidavit)[90] and ***necessarily incurred*** ("necessarily" meaning that the costs were reasonably incurred for the prevailing party's effective preparation, judged in light of the situation existing when the costs in question were actually incurred, without regard to whether the costs relate to items which were actually used).[91]

Examples of situations where such costs are seen as necessary pursuant to 28 U.S.C. §1920(4), even where the demonstrative evidence in question was not used, ***include, but is not limited to***, situations where such demonstrative evidence is attached to any deposition transcript,[92] and/or situations where such demonstrative evidence is attached to any pleading[93] and/or situations where such demonstrative evidence is attached to any motion[94] (including a motion for summary judgment).[95]

Considering the aforesaid definition of the word "necessarily," we are of the view that it was "necessary" for defendant to incur this cost.

We are accordingly of the view that plaintiff has not rebutted the aforesaid heavy presumption that these district court costs should be automatically taxed against her.

This cost is accordingly taxed in favor of defendant and against plaintiff in the full requested amount of $1,084.62.

In summary, district court costs are taxed in favor of defendant and against plaintiff as follows:

| | |
|---|---|
| Fees of the Marshal: | $    334.00 |
| Transcript Costs: | $ 7,786.18 |
| Witness Fees: | $    154.72 |
| Exemplification Costs: | $ 1,084.62 |
| TOTAL: | $ 9,359.52 |

June 30, 2015
**Date**

MICHAEL E. KUNZ
**CLERK OF COURT**

1.Under circumstances not relevant here, the clerk of the district court may tax certain specific, narrowly defined appellate court costs at the express direction of the clerk of the appellate court, pursuant to the express language of Federal Rule of Appellate Procedure 39.  This taxation opinion shall not address the issue of these types of costs.

Under circumstances not relevant here, the clerk of the district court may tax certain specific, narrowly defined costs incurred before the United States Supreme Court at the express direction of the Clerk of the Supreme Court, pursuant to the express language of Rule 43 of the Rules of the Supreme Court.  This taxation opinion shall not address the issue of these types of costs.

2.Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); Fleischmann Distilling Co. v. Maier Brewing Co., 386 U.S. 714 (1967);  Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995).

3.Under circumstances not relevant here, certain types of district court costs are taxable pursuant to Federal Rule of Civil Procedure 68.  Rule 68 deals with certain specific and narrow factual situations where certain types of district court costs are taxable *only* by the presiding district court judge, and not by the Clerk.  A quick reading of Rule 68 will indicate that it is plainly, on its face, not applicable to the instant situation.  Therefore, this taxation opinion shall not address the issue of these types of costs.

4.Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995).

5.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); Fleischmann Distilling Co. v. Maier Brewing Co., 386 U.S. 714 (1967); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007).

6.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); McKenna v. City of Philadelphia, 582 F.3d 447 (3d Cir. 2009).

7.Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, 102 F.R.D. 959 (E.D. Pa. 1984).

8.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998).

9.Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Fleischmann Distilling Co. v. Maier Brewing Co., 386 U.S. 714 (1967); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995);

Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985);
Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Nugget
Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992).
Accord, Perry v. Metro Suburban Bus Authority; 236 F.R.D. 110 (EDNY 2006); Schmitz-
Werke GMBH v. Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts
v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); In Re: Glacier Bay, 746
F.Supp. 1379 (D. Alaska 1990).

10. Northbrook Excess and Surplus Insurance Co. v. Procter & Gamble Co., 924 F.2d
633 (7th Cir. 1991).

11. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975); Adams v.
Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Nugget Distributors
Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord,
Cook Children's Medical Center v. New England PPO Plan of Gen. Consol.
Management, 491 F.3d 266 (5th Cir. 2007); Perry v. Metro Suburban Bus Authority; 236
F.R.D. 110 (EDNY 2006); Schmitz-Werke GMBH v. Rockland Industries, 271 F.Supp.
2d 734 (D. Maryland 2003); Roberts v. Interstate Distrib. Co., 242 F.Supp. 2d 850 (D.
Oregon 2002); US v. Bedford Associates, 548 F.Supp. 748 (SDNY 1982).

12. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Friedman v. Ganassi, 853 F.2d
207 (3d Cir. 1988); Adams v. Teamsters Local 115, 678 F.Supp.2d 314 (E.D. Pa.
2007).

13. Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97
(3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized
Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3rd Cir. 1985); Pearlstine v.
United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir.
1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v.
Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Greene v. Fraternal Order of
Police, 183 F.R.D. 445 (E.D.Pa. 1998).   Accord, In Re: Air Crash Disaster at John F.
Kennedy International Airport on June 24, 1975, 687 F.2d 626 (2nd Cir. 1982); In Re:
Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

14. Chambers v. NASCO, Inc., 501 U.S. 32 (1991); Alyeska Pipeline Service Co. v.
Wilderness Society, 421 U.S. 240 (1975); Fleischmann Distilling Co. v. Maier Brewing
Co., 386 U.S. 714 (1967).

15. Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54
(E.D.Pa. 1992).  Accord, Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S.
240 (1975); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000);
Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995).  See, also, Harkins v. Riverboat
Services, 286 F. Supp. 2d 976  (ND Ill. 2003), aff'd, 385 F.3d 1099 (7th Cir. 2004); and
In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990).

16. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Levin v.
Parkhouse, 484 F.Supp. 1091 (E.D. Pa. 1980).  Accord, In Re: San Juan Dupont Plaza
Hotel Fire Litigation, 994 F.2d 956 (1st Cir. 1993); Krouse v. American Sterilizer Co., 928

F.Supp. 543 (W.D. Pa. 1996); In Re: Glacier Bay, 746 F.Supp. 1379 (D. Alaska 1990);
Stacy v. Williams, 50 F.R.D. 52 (N.D. Miss. 1970); Bourazak v. North River Insurance
Co., 280 F.Supp. 89 (S.D. Ill. 1968).

17. Race Tires America, Inc. v. Hoosier Racing Tire Corp., 2012 WL 887593 (3d Cir.
March 16, 2012).

18. Smith v. Tenet Healthsystems SL, Inc., 436 F.3d 879 (8th Cir. 2006); Helms v.
WalMart Stores, Inc., 808 F.Supp. 1568 (ND Ga. 1992), aff'd 998 F.2d 1023 (11th Cir.
1993); Soler v. McHenry, 771 F.Supp. 252 (ND Ill. 1991), aff'd, 989 F.2d 251 (7th Cir.
1993); Haagen-Dazs Co. v. Rainbow Gourmet Ice Creams, Inc., 920 F.2d 587 (9th Cir.
1990); Rodriguez-Garcia v. Davila, 904 F.2d 90 (1st Cir. 1990); Allen v. United States
Steel Corp., 665 F.2d 689 (5th Cir. 1982); McGuigan v. CAE Link Corp., 155 FRD 31
(NDNY 1994); Nelson v. Darragh Co., 120 FRD 517 (WD Ark. 1988); Radol v. Thomas,
113 FRD 172 (SD Ohio 1986); Roche v. Normandy, 566 F.Supp. 37 (ED Mo. 1983);
Meadows v. Ford Motor Co., 62 FRD 98 (WD Ky. 1973); Gillam v. A. Shyman, Inc., 31
FRD 271 (D. Alaska 1962).

19. Smith v. Tenet Healthsystems SL, Inc., 436 F.3d 879 (8th Cir. 2006).

20. Ramos v. Davis & Geck, Inc., 968 F.Supp. 765 (D.P.R. 1997); American Key Co. v.
Cumberland Associates, 102 FRD 496 (ND Ga. 1984).

21. McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn 2006); Sullivan v. Cheshier,
991 F.Supp. (ND Ill. 1998); McGuigan v. CAE Link Corp., 155 F.R.D. 31 (NDNY 1994).

22. McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn 2006).

23. Harkins v. Riverboat Services, 286 F.Supp. 2d 976 (ND Ill. 2003), aff'd, 385 F.3d
1099 (7th Cir. 2004); McGuigan v. CAE Link Corp., 155 F.R.D. 31 (N.D.N.Y. 1994);
Morrissey v. County Tower Corp., 568 F. Supp. 980 (E.D. Mo. 1983); Harceg v. Brown,
536 F.Supp. 125 (N.D. Ill. 1982). Accord, Seidman v. American Mobile Systems, 965
F.Supp. 612 (E.D. Pa. 1997).

24. Yasui v. Maui Electric Co., 78 F.Supp. 2d 1124 (D. Hawaii 1999); Garonzik v.
Whitman Diner, 910 F.Supp 167 (D.N.J. 1995); Corsair Asset Management, Inc. v.
Moskovitz, 142 FRD 347 (N.D. Ga. 1992).

25. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); In re: Paoli Railroad Yard PCB
Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir.
1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Adams v. Teamsters Local
115, 678 F.Supp.2d 314 (E.D. Pa. 2007); Greene v. Fraternal Order of Police, 183
F.R.D. 445 (E.D. Pa. 1998); Nugget Distributors Cooperative of America v. Mr. Nugget,
Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Cook Children's Medical Center v. New
England PPO Plan of Gen. Consol. Management, 491 F.3d 266 (5th Cir. 2007); Perry v.
Metro Suburban Bus Authority, 236 F.R.D. 110 (EDNY 2006); Schmitz-Werke GMBH v.
Rockland Industries, 271 F.Supp. 2d 734 (D. Maryland 2003); Roberts v. Interstate
Distrib. Co., 242 F.Supp. 2d 850 (D. Oregon 2002); US v. Bedford Associates, 548
F.Supp. 748 (SDNY 1982).

26. Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987). Accord, Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988).

27. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000).

28. Delta Air Lines, Inc. v. August, 450 U.S. 346, 353 (1981).

29. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

30. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

31. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). Accord, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

32. Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981); Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d

Cir. 1995); <u>Smith v. SEPTA</u>, 47 F.3d 97 (3d Cir. 1995); <u>Friedman v. Ganassi</u>, 853 F.2d 207 (3d Cir. 1988); <u>Institutionalized Juveniles v. Secretary of Public Welfare</u>, 758 F.2d 897 (3rd Cir. 1985); <u>Pearlstine v. United States</u>, 649 F.2d 194 (3rd Cir. 1981); <u>Delaney v. Capone</u>, 642 F.2d 57 (3d Cir. 1981); <u>Samuel v. University of Pittsburgh</u>, 538 F.2d 991 (3d Cir. 1976); <u>ADM Corp. v. Speedmaster Packing Corp.</u>, 525 F.2d 662 (3d Cir. 1975); <u>Greene v. Fraternal Order of Police</u>, 183 F.R.D. 445 (E.D.Pa. 1998).   Accord,  <u>In Re: Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975</u>, 687 F.2d 626 (2nd Cir. 1982); <u>In Re: Glacier Bay</u>, 746 F.Supp. 1379 (D. Alaska 1990).

33. <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32 (1991); <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240 (1975).

34. <u>Reger v. The Nemours Foundation</u>, 599 F.3d 285 (3d Cir. 2010); <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Friedman v. Ganassi</u>, 853 F.2d 207 (3d Cir. 1988); <u>Adams v. Teamsters Local 115</u>, 678 F.Supp.2d 314 (E.D. Pa. 2007); <u>Montgomery County v. Microvote Corp.</u>, 2004 WL 1087196 (EDPA 2004); <u>Greene v. Fraternal Order of Police</u>, 183 F.R.D. 445 (E.D.Pa. 1998).  Accord, <u>McGuigan v. CAE Link Corp.</u>, 155 F.R.D. 31 (NDNY 1994).

35. <u>Reger v. The Nemours Foundation</u>, 599 F.3d 285 (3d Cir. 2010); <u>Smith v. SEPTA</u>, 47 F.3d 97 (3d Cir. 1995); <u>Friedman v. Ganassi</u>, 853 F.2d 207 (3d Cir. 1988); <u>Institutionalized Juveniles v. Secretary of Public Welfare</u>, 758 F.2d 897, 926 (3rd Cir. 1985); <u>Pearlstine v. United States</u>, 649 F.2d 194 (3rd Cir. 1981); <u>Delaney v. Capone</u>, 642 F.2d 57 (3d Cir. 1981); <u>Samuel v. University of Pittsburgh</u>, 538 F.2d 991 (3d Cir. 1976); <u>ADM Corp. v. Speedmaster Packing Corp.</u>, 525 F.2d 662 (3d Cir. 1975); <u>Adams v. Teamsters Local 115</u>, 678 F.Supp.2d 314 (E.D. Pa. 2007).

36. <u>Reger v. The Nemours Foundation</u>, 599 F.3d 285 (3d Cir. 2010).

37. <u>Reger v. The Nemours Foundation</u>, 599 F.3d 285 (3d Cir. 2010); <u>Friedman v. Ganassi</u>, 853 F.2d 207 (3d Cir. 1988); <u>Pearlstine v. United States</u>, 649 F.2d 194 (3rd Cir. 1981); <u>ADM Corp. v. Speedmaster Packaging Corp.</u>, 525 F.2d 662, (3rd Cir. 1975); <u>Adams v. Teamsters Local 115</u>, 678 F.Supp.2d 314 (E.D. Pa. 2007).  Accord, <u>In Re Olympia Brewing Co. Securities Litigation</u>, 613 F.Supp. 1286, 1302 (N.D.Ill. 1985).

38. <u>In Re: Kulicke & Soffa Industries Inc. Securities Litigation</u>, 747 F.Supp. 1136 (E.D.Pa. 1990), <u>aff'd</u>, 944 F.2d 897 (3rd Cir. 1991); <u>ADM Corp. v. Speedmaster Packing Corp.</u>, 525 F.2d 662 (3d Cir. 1975); <u>Adams v. Teamsters Local 115</u>, 678 F.Supp.2d 314 (E.D. Pa. 2007); <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992).  Accord, <u>Charter Medical Corp v. Cardin</u>, 127 FRD 111 (D. Maryland 1989); <u>Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank</u>, 108 FRD 396 (D. Nevada 1985); <u>International Wood Processors v. Power Dry, Inc.</u>, 598 F. Supp. 299 (D.S.C. 1984); <u>Morrissey v. County Tower Corp.</u>, 568 F.Supp. 178 (ED Mo. 1983).

39. <u>Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas</u>, 421 F.3d 314 (5th Cir. 2005); <u>Trepel v. Roadway Express, Inc.</u>, 266 F.3d 418 (6th Cir. 2001); <u>Holmes v. Cessna Aircraft Co.</u>, 11 F.3d 63 (5th Cir. 1994); <u>Dovenmuehle v. Gilldorn Mortgage</u>

Midwest Corp., 871 F.2d 697 (7th Cir. 1989); Mason v. Belieu, 543 F.2d 215 (D.C. Cir. 1976); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn. 2006); Sullivan v. Cheshier, 991 F.Supp. 999 (N.D. Ill. 1998); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D. Mo. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

40. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010).

41. Proffitt v. Municipal Authority of Borough of Morrisville, 716 F.Supp. 845 (ED Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990); Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004). Accord, Long v. Howard University, 561 F.Supp.2d 85 (D.D.C. 2008); Shared Medical System v. Ashford Presbyterian Community Hospital, 212 F.R.D. 50 (D.P.R. 2002); McGuigan v. CAE Link Corp., 155 F.R.D. 31 (NDNY 1994).

42. Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004). Accord, Shared Medical System v. Ashford Presbyterian Community Hospital, 212 F.R.D. 50 (D.P.R. 2002); Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499 (D. Kansas 1994); McGuigan v. CAE Link Corp., 155 F.R.D. 31 (NDNY 1994).

43. Movitz v. First National Bank of Chicago, 982 F.Supp. 571 (ND Ill 1997).

44. Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004).

45. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

46. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

18

47. <u>Buchanan v. Stanships, Inc.</u>, 485 U.S. 265 (1988); <u>Delta Air Lines, Inc. v. August</u>, 450 U.S. 346 (1981). <u>Accord</u>, <u>Reger v. The Nemours Foundation</u>, 599 F.3d 285 (3d Cir. 2010); <u>In re: Paoli Railroad Yard PCB Litigation</u>, 221 F.3d 449 (3d Cir. 2000); <u>Abrams v. Lightolier, Inc.</u>, 50 F.3d 1204 (3d Cir. 1995); <u>Smith v. SEPTA</u>, 47 F.3d 97 (3d Cir. 1995); <u>Friedman v. Ganassi</u>, 853 F.2d 207 (3d Cir. 1988); <u>Institutionalized Juveniles v. Secretary of Public Welfare</u>, 758 F.2d 897 (3d Cir. 1985); <u>Pearlstine v. United States</u>, 649 F.2d 194 (3rd Cir. 1981); <u>Delaney v. Capone</u>, 642 F.2d 57 (3d Cir. 1981); <u>Samuel v. University of Pittsburgh</u>, 538 F.2d 991 (3d Cir. 1976); <u>ADM Corp. v. Speedmaster Packing Corp.</u>, 525 F.2d 662 (3d Cir. 1975); <u>City of Rome, Italy v. Glanton</u>, 184 F.R.D. 547 (E.D. Pa. 1999); <u>Greene v. Fraternal Order of Police</u>, 183 F.R.D. 445 (E.D. Pa. 1998); <u>Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp</u>, 74 F.R.D. 617 (E.D. Pa. 1977).

48. <u>Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas</u>, 421 F.3d 314 (5th Cir. 2005); <u>Trepel v. Roadway Express, Inc.</u>, 266 F.3d 418 (6th Cir. 2001); <u>Holmes v. Cessna Aircraft Co.</u>, 11 F.3d 63 (5th Cir. 1994); <u>Dovenmuehle v. Gilldorn Mortgage Midwest Corp.</u>, 871 F.2d 697 (7th Cir. 1989); <u>Mason v. Belieu</u>, 543 F.2d 215 (D.C. Cir. 1976); <u>Wahl v. Carrier Manufacturing Co.</u>, 511 F.2d 209 (7th Cir. 1975); <u>McInnis v. Town of Weston</u>, 458 F.Supp.2d 7 (D. Conn. 2006); <u>Sullivan v. Cheshier</u>, 991 F.Supp. 999 (N.D. Ill. 1998); <u>Hollenbeck v. Falstaff Brewing Corp.</u>, 605 F.Supp. 421 (E.D. Mo. 1984); <u>Morrissey v. County Tower Corp.</u>, 568 F.Supp. 980 (E.D. Mo. 1983).

49. <u>In Re: Kulicke & Soffa Industries Inc. Securities Litigation</u>, 747 F.Supp. 1136 (E.D.Pa. 1990), <u>aff'd</u>, 944 F.2d 897 (3rd Cir. 1991); <u>ADM Corp. v. Speedmaster Packing Corp.</u>, 525 F.2d 662 (3d Cir. 1975); <u>Nugget Distributors Cooperative of America v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (E.D.Pa. 1992). <u>Accord</u>, <u>Charter Medical Corp v. Cardin</u>, 127 F.R.D. 111 (D. Maryland 1989); <u>Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank</u>, 108 F.R.D. 396 (D. Nevada 1985); <u>International Wood Processors v. Power Dry, Inc.</u>, 598 F. Supp. 299 (D.S.C. 1984); <u>Morrissey v. County Tower Corp.</u>, 568 F.Supp. 178 (ED Mo. 1983).

50. <u>In Re: Kulicke & Soffa Industries, Inc. Securities Litigation</u>, 747 F.Supp. 1136 (ED Pa. 1990) aff'd 944 F.2d 897 (3rd Cir. 1991); <u>Montgomery County v. Microvote Corp.</u>, 2004 WL 1087196 (EDPA 2004); <u>Nugget Distributors Cooperative v. Mr. Nugget, Inc.</u>, 145 F.R.D. 54 (ED Pa. 1992). <u>Accord</u>, <u>McGuigan v. CAE Link Corp.</u>, 155 F.R.D. 31 (NDNY 1994).

51. <u>BDT Products, Inc. v. Lexmark International, Inc.</u>, 405 F.3d 415 (6th Cir. 2005); <u>Tilton v. Capital Cities/ABC Inc.</u>, 115 F.3d 1471 (10th Cir. 1997); <u>Morrison v. Reichhold Chems.</u>, 97 F.3d 460 (11th Cir. 1996); <u>Commercial Credit Equipment Corp. v. Stamps</u>, 920 F.2d 1361 (7th Cir. 1990); <u>Rio Props v. Stewart Annoyances, Ltd.</u>, 420 F.Supp. 2d 1127 (D. Nevada 2006); <u>United International Holdings v. Wharf, Ltd.</u>, 174 F.R.D. 479 (D. Colo. 1997); <u>Garonzik v. Whitman Diner</u>, 910 F.Supp 167 (D.N.J. 1995); <u>McGuigan v. CAE Link Corp.</u>, 155 F.R.D. 31 (NDNY 1994); <u>Weseloh-Hurtig v. Hepker</u>, 152 F.R.D. 198 (D. Kansas 1993); <u>Deaton v. Dreis & Krump Mfg. Co.</u> (ND Ohio 1991).

52. <u>Garonzik v. Whitman Diner</u>, 910 F.Supp. 167 (D.N.J. 1995).

53. Although 28 U.S.C. §1920 does limit the payment of fees to an expert witness, 28 U.S.C. §1920 does not contain a limit on the payment of fees to a court reporter in connection to the testimony of an expert witness.

54. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); Montgomery County v. Microvote Corp., 2004 WL 1087196 (E.D.Pa 2004).  Accord, Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994).

55. Montgomery County v. Microvote Corp., 2004 WL 1087196 (E.D.Pa. 2004).  Accord, Weeks v. Samsung Heavy Industries, 126 F.3d1997); Karsian v. Inter Regional Financial Group, Inc., 13 F.Supp.2d 1085 (D. Colorado 1998); Movitz v. First National Bank of Chicago, 982 F.Supp. 571 (ND Ill. 1997); Marcoin, Inc. v. Edwin K. Williams & Co., Inc., 88 FRD 588 (E.D.Va. 1980); Electronic Specialty Co. v. International Controls Corp., 47 FRD 158 (SDNY 1969).

56. Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

57. Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added).  Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981).  See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

58. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981).  Accord, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v.

Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

59. Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas, 421 F.3d 314 (5th Cir. 2005); Trepel v. Roadway Express, Inc., 266 F.3d 418 (6th Cir. 2001); Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994); Dovenmuehle v. Gilldorn Mortgage Midwest Corp., 871 F.2d 697 (7th Cir. 1989); Mason v. Belieu, 543 F.2d 215 (D.C. Cir. 1976); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn. 2006); Sullivan v. Cheshier, 991 F.Supp. 999 (N.D. Ill. 1998); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D. Mo. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

60. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

61. In Re: Kulicke & Soffa Industries, Inc. Securities Litigation, 747 F.Supp. 1136 (ED Pa. 1990) aff'd 944 F.2d 897 (3rd Cir. 1991).

62. Sullivan v. Cheshire, 991 F.Supp. 999 (ND Ill. 1998).

63. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991).

64. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991).

65. Mitchell v. City of Moore, Oklahoma, 218 F.3d 1190 (10th Cir. 2000); Stearns Airport Equipment Co., Inc. v. FMC Corporation, 170 F.3d 518 (5th Cir. 1999); Cengr v. Fusibond Piping Systems, Inc., 135 F.3d 445 (7th Cir. 1998); Sevenson Environmental Services, Inc. v. Shaw Environmental, Inc., 246 F.R.D. 154 (WDNY 2007); Yasui v. Maui Electric Company, 78 F.Supp.2d 1124 (D. Hawaii 1999).

66. LaVay Corporation v. Dominion Federal Savings and Loan, 830 F.2d 522 (4th Cir. 1987).

67. Neumann v. Reinforced Earth Company, 109 FRD 698 (DDC 1986).

68. In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3rd Cir. 2000); In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525

F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 F.R.D. 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 FRD 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

69.Kansas v. Colorado, 129 S.Ct. 1294 (2009).

70.Crawford Fitting Company v. J. T. Gibbons, Inc., 482 U.S. 437 (1987); Henkel v. Chicago, St. Paul, Minneapolis and Omaha Railroad Company, 284 U.S. 444 (1932).

71.Griffith v. Mt. Carmel Medical Center, 157 F.R.D. 499 (D. Kansas 1994).

72.Montgomery County v. Microvote Corp., 2004 WL 1087196 (EDPA 2004); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998). Accord, Nissho-Iwai Co. v. Occidental Crude Sales, 729 F.2d 1530 (5th Cir. 1984); Quy v. Air America, Inc., 667 F.2d 1059 (D.C. Cir. 1981); Karsian v. Inter Regional Financial Group, Inc., 13 F.Supp.2d 1085 (D. Colorado 1998); Marino v. Town of Kirkland, 146 F.R.D. 49 (N.D.N.Y. 1993); Morrissey v. County Tower Corp., 568 F. Supp. 980 (E.D. Mo. 1983); Independence Tube Corp. v. Copperweld Corp., 543 F.Supp. 706 (N.D.Ill. 1982); Christian v. Tackett, 86 F.R.D. 220 (N.D. Miss. 1979); Gillam v. A. Shyman, Inc., 31 F.R.D. 271 (D. Alaska 1962).

73.Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Raio v. American Airlines, 102 F.R.D. 608 (E.D. Pa. 1984). See, also, Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 F.R.D. 396 (D. Nevada 1985).

74.Central Delaware Branch of the NAACP v. City of Dover, Delaware, 123 FRD 85 (D. Delaware 1988).

75.Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

76.Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith

v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

77. Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). Accord, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

78. Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas, 421 F.3d 314 (5th Cir. 2005); Trepel v. Roadway Express, Inc., 266 F.3d 418 (6th Cir. 2001); Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994); Dovenmuehle v. Gilldorn Mortgage Midwest Corp., 871 F.2d 697 (7th Cir. 1989); Mason v. Belieu, 543 F.2d 215 (D.C. Cir. 1976); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn. 2006); Sullivan v. Cheshier, 991 F.Supp. 999 (N.D. Ill. 1998); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D. Mo. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

79. In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 FRD 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 FRD 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

80. Soler v. McHenry, 771 F.Supp. 252 (ND Ill. 1991), aff'd, 989 F.2d 251 (7th Cir. 1993); Maxwell v. Hapag-Lloyd Aktiengesellschaft, 862 F.2d 767 (9th Cir. 1988); In Re: Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 687 F.2d 626 (2nd Cir. 1982); Jensen v. Lawler, 338 F.Supp. 2d 739 (SD Texas 2004); United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd., 174 FRD 479 (D. Colo. 1997).

81. Jensen v. Lawler, 338 F.Supp. 2d 739 (SD Texas 2004).

82.In Re: Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 687 F.2d 626 (2nd Cir. 1982).

83.Soler v. McHenry, 771 F.Supp. 252 (ND Ill. 1991); aff'd, 989 F.2d 251 (7th Cir. 1993); Nissho-Iwai Co. v. Occidental Crude Sales, Ltd., 729 F.2d 1530 (5th Cir. 1984); DiBella v. Hopkins, 407 F.Supp. 2d 537 (SDNY 2005); Jensen v. Lawler, 338 F.Supp. 2d 739 (SD Texas 2004).

84.In Re: Air Crash Disaster at John F. Kennedy International Airport on June 24, 1975, 687 F.2d 626 (2nd Cir. 1982); DiBella v. Hopkins, 407 F.Supp.2d 537 (SDNY 2005); United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd., 174 F.R.D. 479 (D. Colo. 1997).

85. Phillips v. Cameron Tool Corp., 131 F.R.D. 151 (SD Ind. 1990).

86.DiBella v. Hopkins, 407 F.Supp.2d 537 (SDNY 2005).

87.Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

88.Buchanan v. Stanships, Inc., 485 U.S. 265, 268 (1988)(emphasis added). Accord, Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). See, also, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

89.Buchanan v. Stanships, Inc., 485 U.S. 265 (1988); Delta Air Lines, Inc. v. August, 450 U.S. 346 (1981). Accord, Reger v. The Nemours Foundation, 599 F.3d 285 (3d Cir. 2010); In re: Paoli Railroad Yard PCB Litigation, 221 F.3d 449 (3d Cir. 2000); Abrams v. Lightolier, Inc., 50 F.3d 1204 (3d Cir. 1995); Smith v. SEPTA, 47 F.3d 97 (3d Cir. 1995); Friedman v. Ganassi, 853 F.2d 207 (3d Cir. 1988); Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897 (3d Cir. 1985); Pearlstine v. United States, 649 F.2d 194 (3rd Cir. 1981); Delaney v. Capone, 642 F.2d 57 (3d Cir. 1981); Samuel v. University of Pittsburgh, 538 F.2d 991 (3d Cir. 1976); ADM Corp. v.

24

Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); City of Rome, Italy v. Glanton, 184 F.R.D. 547 (E.D. Pa. 1999); Greene v. Fraternal Order of Police, 183 F.R.D. 445 (E.D. Pa. 1998); Action Alliance for Senior Citizens of Greater Philadelphia v. Shapp, 74 F.R.D. 617 (E.D. Pa. 1977).

90.Brazos Valley Coalition for Life, Inc. v. City of Bryan, Texas, 421 F.3d 314 (5th Cir. 2005); Trepel v. Roadway Express, Inc., 266 F.3d 418 (6th Cir. 2001); Holmes v. Cessna Aircraft Co., 11 F.3d 63 (5th Cir. 1994); Dovenmuehle v. Gilldorn Mortgage Midwest Corp., 871 F.2d 697 (7th Cir. 1989); Mason v. Belieu, 543 F.2d 215 (D.C. Cir. 1976); Wahl v. Carrier Manufacturing Co., 511 F.2d 209 (7th Cir. 1975); McInnis v. Town of Weston, 458 F.Supp.2d 7 (D. Conn. 2006); Sullivan v. Cheshier, 991 F.Supp. 999 (N.D. Ill. 1998); Hollenbeck v. Falstaff Brewing Corp., 605 F.Supp. 421 (E.D. Mo. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 980 (E.D. Mo. 1983).

91.In Re: Kulicke & Soffa Industries Inc. Securities Litigation, 747 F.Supp. 1136 (E.D.Pa. 1990), aff'd, 944 F.2d 897 (3rd Cir. 1991); ADM Corp. v. Speedmaster Packing Corp., 525 F.2d 662 (3d Cir. 1975); Nugget Distributors Cooperative of America v. Mr. Nugget, Inc., 145 F.R.D. 54 (E.D.Pa. 1992). Accord, Charter Medical Corp v. Cardin, 127 FRD 111 (D. Maryland 1989); Women's Federal Savings and Loan Association of Cleveland v. Nevada National Bank, 108 FRD 396 (D. Nevada 1985); International Wood Processors v. Power Dry, Inc., 598 F. Supp. 299 (D.S.C. 1984); Morrissey v. County Tower Corp., 568 F.Supp. 178 (ED Mo. 1983).

92. Johnson v. Holway, 522 F.Supp. 2d 12 (DDC 2007).

93.Johnson v. Holway, 522 F.Supp. 2d 12 (DDC 2007).

94.Johnson v. Holway, 522 F.Supp. 2d 12 (DDC 2007).

95.Haroco, Inc. v. American National Bank and Trust Company of Chicago, 38 F.3d 1429 (7th Cir. 1994); Johnson v. Holway, 522 F.Supp. 2d 12 (DDC 2007).