UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER GORDON | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  14-3056-JFL |
| | : | |
| v. | : | |
| | : | The Honorable Joseph F. Leeson, Jr. |
| LA SALLE UNIVERSITY | : | |
| | : | |
| Defendant. | : | |

## PROPOSED ORDER

And now, this _____ day of _____, 2015, following consideration of Plaintiff Amber Gordon's Motion and Memorandum of Law to Vacate Taxation of Costs, Defendant's Memorandum of Law in opposition thereto, and Plaintiff Amber Gordon's Reply, it is hereby ORDERED that Plaintiff's Motion shall be and hereby is GRANTED.  The taxation of $9,359.62 against Ms. Gordon is vacated.

IT IS SO ORDERED.

By the Court:


_____
The Honorable Joseph F. Leeson, Jr.
United States District Court Judge

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMBER GORDON | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 14-3056-JFL |
| | : | |
| v. | : | |
| | : | The Honorable Joseph F. Leeson, Jr. |
| LA SALLE UNIVERSITY | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF AMBER GORDON'S MOTION AND MEMORANDUM OF LAW
TO VACATE TAXATION OF DEFENDANT LA SALLE UNIVERSITY'S COSTS**

On June 30, 2015, the Clerk of the Eastern District of Pennsylvania taxed $9,359.62 of Defendant La Salle University's costs against Plaintiff Amber Gordon. Ms. Gordon respectfully moves the Court to review the taxation of costs pursuant to Federal Rule of Civil Procedure 54(d), Local Rule 54.1(b), and 28 U.S.C. § 1920, and further to exercise its discretion to vacate or reduce the taxation of costs as a matter of equity.

Ms. Gordon is indigent and remains unable to work. She has no income outside of modest gifts from friends and family. Nor does Ms. Gordon receive government support. She already bears significant student loan debt. Requiring her to pay the $9,359 taxed against her would be an undue financial burden on her as she works to recover from her long illness and put her life back on track.

**I.      PERTINENT FACTS**

Ms. Gordon brought this action alleging that defendant La Salle University (1) violated Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, and breached its contract with her. Plaintiff's First Amended Complaint also stated a claim under the

1

Americans with Disabilities Act, but following discovery regarding the extent to which La Salle's mission and operations are directed by the Roman Catholic Church, Ms. Gordon voluntarily dismissed that claim pursuant to 42 U.S.C. § 12187.

Defendant moved for summary judgment on Ms. Gordon's remaining claims on January 23, 2015. Over Defendant's well-made arguments, the Court held that Ms. Gordon's claims involved genuine issues of material fact and denied Defendant's summary judgment motion on March 13, 2015. Then, despite the efforts of the parties to reach a settlement, the matter proceeded to trial on April 20, 2015. Finally, the jury returned a verdict finding Defendant not liable to Ms. Gordon on April 24, 2015. Judgment was entered on the verdict.

On May 15, 2015, La Salle filed a Bill of Costs, seeking to have $11,012.64 taxed against Ms. Gordon. Following objections by Plaintiff and Defendant's reply thereto, the Clerk denied taxation of $1,653.12 of those costs ($599.72 in witness costs and $1,087.84 in printing costs). And for the reasons set forth below, Ms Gordon respectfully asks the Court to exercise its discretion to vacate the taxation of the remaining $9,359.62.

As set forth in the affidavit attached at **Exhibit A**, Ms. Gordon is indigent and unable to pay those costs now and for the foreseeable future. Her liquid and real assets are negligible. Ms. Gordon has no savings. Her checking account -- which is her only bank account -- currently has a balance of $123.64. *See id.*; **Exhibit B** at 5. Over the past five months, her average monthly balance has gone only as high as $236 and fallen as low as $18. *See id.* at 1-4. In addition, Ms. Gordon owns no real property. *See* **Exhibit A**. Her personal possessions are limited only to her clothing and a few items of

furniture, all of which she needs for personal use. *See id.* Moreover, Ms. Gordon has no income of any kind. She receives no government assistance. *See id*. She also remains unable to work because of her Lyme Disease, coinfections, and related treatment. *See id*.; Letter from Stacee Paley, LMFT (July 1, 2015) (attached at **Exhibit D**). Ms. Gordon's only source of money is modest gifts from family and friends. *See* **Exhibit A**.

Ms. Gordon's liabilities, by contrast, are substantial. Her student loans currently total $115,716.23. *See* **Exhibit C**. Two are presently deferred because of the medical hardship of her Lyme disease, and therefore growing. The other two are currently in repayment -- but Ms. Gordon is unable to make the minimum payments on them. *See* **Exhibit A**. Their principal balances are, as a result, also increasing. *See* **Exhibit C**. And once the deferment periods end, Ms. Gordon's monthly loan payments will total approximately $1,170. *See id.*

In short, Ms. Gordon already owes over $115,000 in debt that she is unable to pay. Her amount of debt will continue to rise for the foreseeable future. She has no income and is, because of her illness, currently disabled. Defendant's taxed costs alone exceed her net worth and current earning capacity. Adding those costs to her financial obligations would consequently serve only to increase her indebtedness.

## II.     APPLICABLE LAW

While Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs -- other than attorney's fees -- should be allowed to the prevailing party," FED. R. CIV. P. 54(d)(1), and creates a "'strong presumption' that costs are to be awarded," the Court may reduce or deny costs

taxed by the Clerk of Courts if the losing party demonstrates that the award of costs is inequitable under the circumstances. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462-63 (3d Cir. 2000). The presumption in favor of an award of taxable costs to the prevailing party may thus be overcome where "the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power" for the reduction or denial of costs. *Id.* at 468.

In making this determination,[1] the Court may consider, among other things, "the losing part[y's] potential indigency or inability to pay the full measure of a costs award levied against [her]." *Id.* In fact, the Third Circuit has said that a losing party's indigency is the "most important" of the factors that may lead the Court to conclude that taxation of costs in inequitable. *Id.* at 463. This is, as the Third Circuit observed, because of our shared interest in furthering the "egalitarian concept of providing relatively easy access to the courts to all citizens and reducing the threat of liability for litigation expenses as an obstacle to the commencement of a lawsuit or the assertion of a defense that might have some merit." *See id.* at 462 (quoting 10 Wright, et al., § 2665, at 201-202).

There are no "hard and fast rules" for assessing the losing party's indigency; that determination is left to the Court's "common sense" regarding the losing party's "financial condition as it compares to whatever award" is to be taxed against her. *In re*

---

[1] Though the Clerk determined as a ministerial matter that the costs are taxable against Ms. Gordon under Rule 54(d)(1) and 28 U.S.C. § 1920, the Court's review of the decision to tax costs is *de novo*. *See In re Paoli R.R. Yard PCB Litig.* at 453. The Court, unlike the Clerk, also possesses the exclusive discretion to vacate or reduce an award of taxable costs.

*Paoli R.R. Yard LCB Litig.* at 464 n.5.  Where the Court determines that the losing party is indigent, so long as "the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power," the Court may, in its discretion, reduce the costs or exempt the losing party from them entirely.  *Id.* at 464 n.5, 468.  *See also, e.g.*, *Yudenko v. Guarini*, No. 06-cv-4161, slip op. at 11 (E.D. Pa. June 14, 2010) (Stengel, J.) (vacating taxation of costs where the losing party was a disabled man who had no income, received no government assistance, was entirely reliant on others of limited means for financial support, and bore debt in excess of $20,000).

### III.   ANALYSIS

As set forth in detail above and in the exhibits, Ms. Gordon is a currently disabled woman who has no income, receives no government assistance, is entirely reliant on others of limited means for financial support, and bears debt in excess of $115,000.  The $9,359.52 alone exceeds her current assets.  It also exceeds her current annual earning capacity.  Ms. Gordon simply lacks the means to pay the taxed costs.  The Court should therefore conclude that she is indigent.

We respectfully suggest that the Court should also, because of Ms. Gordon's indigency, exercise its discretion to vacate the costs taxed against her.  When considered in light of her minimal assets and significant debt, taxation of those costs against Ms. Gordon would be inconsistent with the principle of free access to the courts.  It would instead function as a penalty for her good faith effort to vindicate her rights.  *Cf. Yudenko v. Guarini*, No. 06-cv-4161, slip op. at 11 (noting that there "is a punitive aspect" to the request to tax $3,576 against the indigent losing party and that "Mr. Yudenko, or anyone

associated with this case, might reasonabl[y] consider this assessment of costs a 'penalty' for pursuing his civil right claim all the way through verdict."). Because such a penalty is inconsistent with the principle of equal access to the Courts highlighted by the Third Circuit in *In re Paoli* and would serve only to unduly burden Ms. Gordon, the taxation of costs against Ms. Gordon should be vacated as a matter of equity.

IV. **CONCLUSION**

Ms. Gordon is indigent. Her debts (which she is already unable to pay) far exceed her assets and, because of her current disability, her earning capacity. The $9,359.62 taxed against her would only be added to her significant arrearage and serve no practical purpose but to penalize her for her good faith assertion of her rights under Section 504 of the Rehabilitation Act. Ms. Gordon accordingly moves the Court to exercise its discretion to vacate the Clerk's taxation of $9,359.62 as a matter of equity.

Respectfully submitted,

/s/Michael D. Raffaele
Michael D. Raffaele
Frankel & Kershenbaum, LLC
1230 County Line Road
Bryn Mawr, PA 19010
(610) 922-4200
(610) 646-0888 [fax]
Michael@mykidslawyer.com

Counsel for Plaintiff Amber Gordon

**CERTIFICATE OF SERVICE**

I caused a copy of Plaintiff Amber Gordon's Motion and Memorandum of Law to Vacate Taxation of Defendant La Salle University's Costs to be served this day on Defendant's counsel via the Electronic Case Filing system for the Eastern District of Pennsylvania.

Date: July 10, 2015 /s/Michael D. Raffaele