IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMBER GORDON,<br><br>            Plaintiff,<br><br>    v.<br><br>LA SALLE UNIVERSITY<br><br>            Defendant. | Civil Action No:  14-cv-3056-JFL |

**DEFENDANT LA SALLE UNIVERSITY'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO VACATE TAXATION OF COSTS**

    Defendant La Salle University, by its undersigned counsel, hereby submits this Response in Opposition to Plaintiff Amber Gordon's Motion to Vacate Taxation of Costs[1]. Plaintiff does not contest the validity or merits of the Clerk's taxation of costs against her. Rather, she only contends that because she is unable (or unwilling) to pay the $9,359.62 appropriately taxed by the Clerk, that this Court should vacate taxation of costs in its entirety. This argument fails.

**Legal Standard**

    Rule 54(d)(1) provides in pertinent part that "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs…." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "creates the 'strong presumption' that costs are to be awarded to the prevailing party." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462 (3d Cir. 2000) (quoting 10 MOORE'S FEDERAL PRACTICE § 54.101, at 54-149 (3d ed. 1999)). If a district court denies costs to the prevailing party, it "must 'support[] that determination with an explanation.'"

---

[1] The Court should disregard Exhibit D to Plaintiff's Motion. It is completely unverifiable and has absolutely no evidentiary value. Other than a miscalculated attempt to appeal to the Court's sympathies, it does not possess even a modicum of relevance to the determination of whether costs are appropriately taxed.

*Id*. (quoting *Institutionalized Juveniles v. Sec. of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985)) "[T]he losing party bears the burden of making the showing that an award is inequitable under the circumstances." *Id*. (citing 10 MOORE'S FEDERAL PRACTICE, supra, § 54.101, at 54-151 & n.7).

A district court may not consider "(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 468. "[I]f a party is indigent or unable to pay the full measure of costs, a district court **may**, **but need not automatically**, exempt the losing party from paying costs." *Id.* at 464 (emphasis added) (citing *Smith*, 47 F.3d at 99). "In assessing the [p]laintiff's indigency or modest means… [a] [c]ourt should measure each [p]laintiff's financial condition as it compares to whatever award the [c]ourt decides to tax against him or her." *Id*. at 464 n.5. No "hard and fast rules" exist for assessing a losing party's indigency or inability to pay. *Id*.

## Argument

The Court should affirm the Clerk of Court's taxation of costs against Plaintiff and require her to pay the full amount because (1) the taxed costs are reasonable in light of the costly litigation; (2) Plaintiff has failed to mitigate her alleged indigency, and (3) Defendant believes that Plaintiff has understated her financial resources.

First, Defendant's petition to the Clerk of Court to tax costs against Plaintiff already came with a generous discount; Defendant did not include all rightfully taxable costs in its request. Even more, the Clerk then reduced the total taxable amount. Therefore, as an initial matter, Plaintiff is already benefiting from a substantial reduction in taxable costs.

Second, Plaintiff's contention that she is indigent and unable to pay is not convincing. While Defendant sympathizes with anyone facing student loan debt and a fluctuating bank

account, this is not all that uncommon.  Plaintiff further claims her situation is worsened by her <u>inability</u> to work.  Defendant argues it is worsened by her <u>unwillingness</u> to work.  That is, her financial problems are entirely mitigatable, if not avoidable.  In her Motion, Plaintiff admits that she has been denied (again) the benefits of Social Security Disability Insurance.  If the Court recalls, she was initially denied because the agency determined that she failed to satisfy the standard: unable to perform any work in the national economy.  Although Plaintiff is not otherwise qualified to be a Marriage and Family Therapist student intern, she may very well be able to perform more ministerial jobs or, as suggested at trial, sales jobs.  For example, Plaintiff demonstrated success, even while sick, at her sales job at Pure Romance—an opportunity to earn that did not require her to drive more than 30 minutes.  Plaintiff should therefore not be rewarded for remaining "indigent" by her own choice.

Third, it is Defendant's understanding that Plaintiff did not pursue this litigation on a fully contingent-fee basis; but, rather, family members were (at least in part) bankrolling costs and fees throughout the entirety of the case.  This belief is further supported by Plaintiff's mother's substantial role in rejecting Defendant's generous settlement offer on the eve of trial.  It would be unfair to permit Plaintiff to pursue costly litigation (including hiring two completely unnecessary expert witnesses) on another's tab, then when financial liability attaches, either ignore or deny that such financial support ever existed.  In fact, it is Defendant's belief, and has been Defendant's belief all along, that Plaintiff's financial sponsors greatly influenced the course of litigation.  Therefore, Plaintiff should not now be allowed to avoid paying reasonable costs to Defendant, as appropriately taxed by the Clerk of Court.

## Conclusion

For the reasons set forth above, the Court should deny Plaintiff's Motion and affirm the Clerk of Court's determination to tax Plaintiff in the discounted amount of $9,359.62.

|  |  |
|---|---|
| Dated: July 21, 2015 | */s/* Chad Flores_____ |
|  | Daniel P. O'Meara (PA ID 53535) |
|  | Chad A. Flores (PA ID 310610) |
|  | Montgomery McCracken Walker & Rhoads LLP |
|  | 123 South Broad Street, 28th Floor |
|  | Philadelphia, PA 19109 |
|  | Telephone: (215) 772-1500 |
|  | Fax: (215) 772-7620 |
|  | domeara@mmwr.com |
|  | cflores@mmwr.com |
|  | *Attorneys for Defendant* |

## Certificate of Service

I caused a copy of Defendant's Response in Opposition to Plaintiff's Motion to Vacate Taxation of Costs to be served this day on Plaintiff's counsel via ECF.

Date: July 21, 2015                                                      /s/ Chad A. Flores
                                                                                      Chad A. Flores